**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

VALANNA MCCURRY,

                 Plaintiff,

vs.                                 Case No.  5:15-cv-379-J-34PRL

METROPOLITAN LIFE INSURANCE
COMPANY, et al.,

                 Defendants.

_____/

# O R D E R

**THIS CAUSE** is before the Court <u>sua sponte</u>.  Plaintiff initiated the instant action on July 29, 2015, by filing a five-count Complaint (Doc. No. 1; Complaint).  Upon review, the Court finds that the Complaint constitutes an impermissible shotgun pleading.  A shotgun complaint "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions."  <u>Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.</u>, 305 F.3d 1293, 1295 (11th Cir. 2002).  Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted. <u>See id.</u>  Here, each count in the Complaint incorporates by reference all allegations of the preceding counts.  <u>See generally</u> Complaint.

In the Eleventh Circuit, shotgun pleadings of this sort are "altogether unacceptable." <u>Cramer v. State of Fla.</u>, 117 F.3d 1258, 1263 (11th Cir. 1997); <u>see also</u> <u>Cook v. Randolph County</u>, 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun

pleadings, none of which is favorable.") (collecting cases).   As the Court in Cramer

recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendant, exact an intolerable

toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose

unwarranted expense on the litigants, the court and the court's parajudicial personnel and

resources." Cramer, 117 F.3d at 1263.  When faced with the extreme burden of deciphering

a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative,

and force the plaintiff to replead to the extent possible under Rule 11, Federal Rules of Civil

Procedure.  See id. (admonishing district court for not striking shotgun complaint on its own

initiative); see also United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1354 n.6 (11th

Cir. 2006) ("When faced with a shotgun pleading, the trial court, whether or not requested

to do so by a party's adversary, ought to require the party to file a repleader.")  (citing Byrne

v. Nezhat, 261 F.3d 1075, 1133 (11th Cir. 2001), abrogated on other grounds as recognized

by Douglas Asphalt Co. v. QORE, Inc., 657 F.3d 1146, 1151 (11th Cir. 2011)).  Accordingly,

the Court will strike Plaintiff's Complaint and order Plaintiff to file an amended complaint.

Plaintiff also appears to suggest that the Court has diversity jurisdiction over this

action pursuant to 28 U.S.C. § 1332.  See Complaint at 1-2.  Upon review of the Complaint,

the Court is unable to determine whether it has jurisdiction over this action.  Federal courts

are courts of limited jurisdiction and therefore have an obligation to inquire into their subject

matter jurisdiction.  See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-80 (11th Cir.

2001).   This obligation exists regardless of whether the parties have challenged the

existence of subject matter jurisdiction.  See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d

405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into

subject matter jurisdiction <u>sua sponte</u> whenever it may be lacking"). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." <u>Baltin v. Alaron Trading, Corp.</u>, 128 F.3d 1466, 1469 (11th Cir. 1997). While Plaintiff alleges facts that seemingly purport to establish diversity jurisdiction, Plaintiff does not include any allegations expressing that diversity jurisdiction is, in fact, the basis for which the Court has subject matter jurisdiction over this action. <u>See generally id.</u>[1] However, to the extent that Plaintiff is claiming diversity jurisdiction under 28 U.S.C. § 1332(a), the Court determines that Plaintiff has not adequately alleged the citizenship of the parties.

For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." <u>Univ. of S. Ala.</u>, 168 F.3d at 412. To establish diversity over a natural person, a complaint must include allegations of the person's citizenship, not where he or she resides. <u>Taylor v. Appleton</u>, 30 F.3d 1365, 1367 (11th Cir. 1994). A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." <u>McCormick v. Aderholt</u>, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation and citation omitted). Plaintiff alleges that "[a]t all times material hereto" she "was a resident of Lake County, Florida" and that "[a]t all times

---

[1] Further, Plaintiff alleges that the life insurance policy at issue in this case is "exempted from being covered by The Employee Retirement Income Security Action of 1974, 29 U.S.C. § 1001 et seq. ("ERISA"), as it is excluded under the 'safe harbor' provision of ERISA[.]" Complaint ¶ 19. Thus, it appears that Plaintiff is not asserting that the Court has subject matter jurisdiction over this action based on federal question jurisdiction under ERISA.

material hereto, Defendant, JOSH KUNSELMAN [("Kunselman")], was a resident of Hillsborough County, Florida." Complaint ¶¶ 4, 5. As the Complaint discloses only where she and Kunselman reside, rather than their state(s) of citizenship, the Court finds that Plaintiff has not alleged the facts necessary to establish the Court's jurisdiction over this case.[2] See Taylor, 30 F.3d at 1367 ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."); see also Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence[.]'").

Additionally, Plaintiff alleges that "Defendant, [Metropolitan Life Insurance Company ("Metlife")], is a Kentucky Corporation with its Home Office located in New York and Administrative Office in Illinois, and which is authorized to do and is doing business in the State of Florida, including in Hillsborough and Lake Counties." Complaint ¶ 6. "For purposes of diversity jurisdiction, a corporation is 'a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" Bel-Bel Int'l Corp. v. Cmty. Bank of Homestead, 162 F.3d 1101, 1106 (11th Cir. 1998) (quoting 28 U.S.C. § 1332(c)(1)). As the Complaint fails to disclose Metlife's principal place of business, Plaintiff has not alleged the facts necessary to establish Metlife's citizenship and the Court's jurisdiction over this case.[3]

---

[2] However, the Court cautions that if Plaintiff and Kunselman are both Florida citizens, the Court lacks diversity jurisdiction over this action because "all plaintiffs must be diverse from all defendants" for a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Univ. of S. Ala., 168 F.3d at 412.

[3] Plaintiff alleges that "Defendant, [Citigroup Inc. ("Citigroup")], is a New York Corporation with its Headquarters located in New York, and which is authorized to do and is doing business in the State of Florida, including Hillsborough and Lake Counties." Complaint ¶ 7. This allegation is sufficient to identify Citigroup's citizenship as the state of New York.

In light of the foregoing, the Court will require Plaintiff[4] to establish diversity of citizenship between the parties and that this Court has jurisdiction over this action.[5]

**ORDERED**:

Accordingly, it is **ORDERED**:

1.      The Complaint (Doc. No. 1) is **STRICKEN**.

2.      Plaintiff shall file an amended complaint consistent with the directives of this Order on or before **September 3, 2015.**  Failure to do so may result in a dismissal of this action.   Plaintiff shall also provide the Court with sufficient information so that it can determine whether it has jurisdiction over this action.

---

[4] The party seeking to invoke the Court's diversity jurisdiction bears the burden of establishing by a preponderance of the evidence that the jurisdictional prerequisites are met.  See McCormick, 293 F.3d at 1257; see also Taylor, 30 F.3d at 1367 (noting that the "pleader must affirmatively allege facts demonstrating the existence of jurisdiction").

[5] In Count Five of the Complaint, Plaintiff brings a "Claim for Temporary Injunction to Freeze Res of Constructive Trust over the GUL Policy Proceeds, against Defendant, Josh Kunselman[.]"  See Complaint at 19.  Plaintiff alleges that "[t]he GUL Policy proceeds provided to Defendant, JOSH KUNSELMAN by Defendant, METLIFE are in probable danger of dissipation, and there is a reasonable likelihood of success on the merits with respect to the constructive trust claim alleged herein in Count IV against JOSH KUNSELMAN." Id. ¶ 82.  Further, Plaintiff alleges that "[a] temporary injunction is proper to maintain the status quo, pending the outcome of this lawsuit" and that "[i]rreparable harm will occur if a temporary injunction is not issued to free the res of the constructive trust of the GUL Policy proceeds, and the GUL Policy proceeds are dissipated." Id. ¶¶ 83-84.

In the event that Plaintiff seeks the entry of a temporary restraining order or a preliminary injunction, the Court notes that Plaintiff has failed to comply with the procedural prerequisites for obtaining such relief and takes this opportunity to remind Plaintiff of some of the requirements set forth in Rule 65, Federal Rules of Civil Procedure (Rule(s)), and Rules 4.05 and 4.06, Local Rules, United States District Court, Middle District of Florida (Local Rule(s)), which govern the entry of temporary restraining orders and preliminary injunctions.  For example, a request for injunctive relief must be made by separate, properly titled motion.  See Local Rule 4.05(b)(1).  Accordingly, to the extent that Plaintiff intends to seek preliminary injunctive relief, Plaintiff should review and comply with all requirements of the Rules and the Local Rules of this Court.

3.      Defendants shall respond to the amended complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** at Jacksonville, Florida on August 7th, 2015.

**MARCIA MORALES HOWARD**
United States District Judge

lc18

Copies to:

Counsel of Record